IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD

**DELENTHEGIA BEARD-HAWKINS,**

    **Petitioner,**

v.   Case No. 1:18-cv-01258

**JENNIFER SAAD, Warden,**[1]

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is the petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1). This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and, by Standing Order, it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The petitioner paid the applicable $5.00 filing fee.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

At the time she filed the instant petition, the petitioner was incarcerated at the Federal Prison Camp in Alderson, West Virginia, serving a 24-month term of imprisonment imposed by the United States District Court for the Southern District of Illinois, after her conviction for transfer of a firearm and ammunition to a convicted felon, in violation of 18 U.S.C. §§ 922(d)(1) and 924(a)(2), and unlawful user of a controlled substance in possession of a firearm, in violation of 18 U.S.C. § 922(g)(3) and 924(a)(2),

---

[1] The petitioner listed the respondent as "Saab." The Clerk is directed to modify the docket sheet to reflect that the proper respondent is "Jennifer Saad, Warden."

which was to be followed by a one-year term of supervised release. Judgment, *United States v. Beard-Hawkins*, No. 3:15-cr-30001-2 (S.D. Ill. Mar. 6, 2017), ECF No. 306. The petition asserted that the Federal Bureau of Prisons ("BOP") violated the Second Chance Act, 18 U.S.C. §§ 3621(b), and Administrative Justice Reforms 17541, by denying her a six to twelve month placement at a Residential Reentry Center ("RRC") following her completion of the BOP's Residential Drug Abuse Program ("RDAP").

The petitioner contends that she requested and was promised a 180-day placement on July 6, 2018, but received a 125-day placement date commencing on August 30, 2018, and was placed two hours away from her home, family, secured employment, and transportation. The petitioner requested that the time she lost in RRC placement be adjusted on her term of supervised release, and that she be placed in an RRC closer to her home or be placed on home confinement.

According to the BOP inmate locater, the petitioner was released from BOP custody, including RRC placement, on December 31, 2018. Accordingly, the petitioner's request for relief can no longer be granted and her section 2241 petition is moot.

## ANALYSIS

The United States Constitution limits the jurisdiction of federal courts to actual cases or controversies that are present at all stages of review. U. S. Const., art. III, § 2; *Honig v. Doe*, 484 U.S. 305, 317 (1988); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990). When a case or controversy no longer exists, the claim is said to be "moot." In the context of habeas corpus, a case is rendered moot when the inmate has been released from the custody being challenged, without collateral consequences, and the court can no longer remedy the inmate's grievance. *See, e.g.*, *Spencer v. Kemna*, 523

U.S. 1, 7 (1998); *Alston v. Adams*, 178 Fed. Appx. 295, 2006 WL 1194751 (4th Cir. 2007); *Alvarez v. Conley*, 145 Fed. Appx. 428, 2005 WL 2500659 (4th Cir. 2005); *Smithhart v. Gutierrez*, 2007 WL 2897942 (N.D. W. Va. 2007). As noted above, the petitioner has been released from BOP custody; thus, this federal court is no longer able to grant her requested relief.

Therefore, the undersigned proposes that the presiding District Judge **FIND** that the petitioner's section 2241 petition is now moot in light of her release from BOP custody. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY AS MOOT** the petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) and **DISMISS** this civil action from the docket of the court.

The petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the petitioner shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of

Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).   Copies of such objections shall be served on Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the petitioner at her last known address.

April 10, 2019

Dwane L. Tinsley
United States Magistrate Judge

4