## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## AT BLUEFIELD

DELENTHEGIA BEARD-HAWKINS,

    **Plaintiff,**

v.                                **CIVIL ACTION NO. 1:18-01258**

JENNIFER SAAD, Warden,

    **Defendant.**


### MEMORANDUM OPINION AND ORDER

By Standing Order, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Tinsley submitted to the court his Findings and Recommendation on April 10, 2019, in which he recommended that the district court deny as moot plaintiff's petition under 28 U.S.C. § 2241 for a writ of habeas corpus, and dismiss this action from the court's docket.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Tinsley's Findings and Recommendation. The failure of any party to file such objections constitutes a waiver of such party's right to a de novo review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989). On April 29, 2019, plaintiff filed objections to the PF&R. With respect to her objections, the court has conducted a de novo review.

In this matter, plaintiff alleges that the Bureau of Prisons ("BOP") violated the Second Chance Act, 18 U.S.C. §§ 3621(b), and Administrative Justice Reforms 17541 by denying her a six to twelve month placement at a Residential Reentry Center ("RRC") following her completion of the BOP's Residential Drug Abuse Program ("RDAP"). According to plaintiff, she should have received a 180-day RRC placement, instead of the 125-day placement she received. Magistrate Judge Tinsley recommended that the instant action be dismissed as moot because Beard-Hawkins was released from custody on December 31, 2018. See Spencer v. Kemna, 523 U.S. 1, 7 (1998) (holding that a "collateral consequence" of conviction must exist after a prisoner's release in order for her to continue to maintain a challenge to his confinement). According to Magistrate Judge Tinsley, because plaintiff had been released from BOP custody, the court was unable to grant her requested relief.

Plaintiff objects that her case is not moot because, at the time the PF&R was filed, she was serving a term of supervised release and had specifically requested that any time she had served in excess should have been credited against her term of supervised release. See ECF No. 11 ("Beard-Hawkins wish[es] to appeal this and request that the 1 year supervised release be removed from her at this time as she has completed Residential Drug Treatment Program (RDAP) in which she did not benefit from

the time reduction and the fact that she was not awarded any

additional time off for the second chance act[.]").

"A case becomes moot, and accordingly no longer falls within

the court's subject matter jurisdiction, when it is 'impossible

for a court to grant any effectual relief whatever to a prevailing

party.'" Baxter v. Young, Case No. 5:19-cv-00261, 2019WL 8754950,

at *4 (S.D.W. Va. Dec. 5, 2019) (quoting Chafin v. Chafin, 568

U.S. 165, 172 (2013)). This case is moot because this court

cannot grant the relief that plaintiff requests, i.e., a reduction

in her term of supervised release. Excess prison time cannot be

credited to a term of supervised release to shorten its length.

United States v. Johnson, 529 U.S. 53, 54 (2000). As the Supreme

Court noted, "[t]he objectives of supervised release would be

unfulfilled if excess prison time were to offset and reduce terms

of supervised release. Congress intended supervised release to

assist individuals in their transition to community life.

Supervised release fulfills rehabilitative ends, distinct from

those served by incarceration." Id. at 59. Therefore, even if

Beard-Hawkins was correct that she was incarcerated longer than

she should have been,* this court does not have jurisdiction to

---

* It does not appear that plaintiff actually served a greater
sentence than she should have. Rather, her argument is that she
did not receive the full RRC placement to which she was entitled.
However, "[b]ecause an RRC constitutes 'incarceration', a delay in
placing petitioner into an RRC does not impact the length of
petitioner's incarceration whatsoever." Pierce v. Thomas, No.
CV.08-705-MA, 2009 WL 1925469, *4 (D. Or. July 1, 2009).

reduce her term of supervised release. See Rhodes v. Judiscak, 676 F.3d 931, 935 (10th Cir. 2012) ("We cannot modify his sentence now that it has been completed.  And we are not allowed to give him a judicial make-up call by shortening his supervised release term. . . .  [T]he best this court could do for him would be to declare that he spent longer in prison than he should have. . . . Rhodes' ability to obtain modification under the supervised release statute remains wholly within the discretion of the sentencing court."); Katz v. Sanders, No. CV 10-3086-SVW(RNB), 2010 WL 4449368, at *4 (C.D. Cal. Aug. 18, 2010) ("The Court concurs with respondent that petitioner's request for a reduction of the supervised release component of his sentence from 10 years to 3 years, as 'compensation of losing out on the maximum possible halfway house entitled under the second chance act,' needs to be directed to the sentencing court[.]"); Maxey v. Warden, FCI Petersburg, No. 1:09cv443 (LMB/TCB), 2010 WL 1703731, at *2 (E.D. Va. Apr. 26, 2010) ("Even if Maxey's claim were meritorious and he actually served more time in custody than he should have due to BOP miscalculations, excess prison time cannot offset and reduce a term of supervised release.").  Based on the foregoing, plaintiff's objection is **OVERRULED**.

Having reviewed the Findings and Recommendation filed by Magistrate Judge Tinsley, the court hereby **OVERRULES** plaintiff's objections and adopts the findings and recommendations contained therein.  Accordingly, the court hereby **DENIES** as moot plaintiff's

-4-

petition under 28 U.S.C. § 2241 for a writ of habeas corpus, **DISMISSES** this petition under 28 U.S.C. § 2241, and directs the Clerk to remove this case from the court's active docket.

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court DENIES a certificate of appealability.

The Clerk is directed to send copies of this Memorandum Opinion and Order to counsel of record and unrepresented parties.

IT IS SO ORDERED this 12th day of July, 2021.

ENTER:

David A. Faber
Senior United States District Judge